**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

DIANNE MARCOTTE,

    Plaintiff,

    v.

MICROS SYSTEMS,

    Defendant.

_____/

No. CV14-01372 LB

**ORDER DENYING JOINDER & TRANSFERRING CASE**

### INTRODUCTION

Plaintiff Dianne Marcotte sued her former employer, defendant Micros Systems, Inc., in state court for wrongful termination, and Micros removed the case to federal court. *See* Notice of Removal, ECF No. 1 at 1, Ex. A.[1] Citing a forum-selection clause in the parties' employment contract, Micros moved to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), or, in the alternative, to transfer the case under 28 U.S.C. § 1404(a) to the District of Maryland. Motion to Dismiss or Transfer, ECF No. 14.

The court denied the motion to dismiss. ECF No. 26, at 18. Withholding decision on the § 1404(a) transfer motion, the court directed the parties to file supplemental briefs on essentially two questions: 1) Had Micros waived the forum-selection clause as Marcotte contended?; and 2) What

---

[1] Citations are to the Electronic Case File ("ECF") with pinpoint cites to the electronically generated page numbers at the top of the document. All parties consented to the undersigned's jurisdiction. *See* ECF No. 8 (Micros's consent), ECF No. 9 (Marcotte's consent).

ORDER TRANSFERRING CASE & DENYING LEAVE TO ADD DEFENDANT
CV14-01372 LB

effect, if any, does *Atlantic Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. Of Texas*, 134 S. Ct. 568 (2013) have on this analysis? The parties have filed those briefs. ECF Nos. 31, 33, 35. Meanwhile, Marcotte filed a separate motion to add as defendant Oracle Corporation, on the ground that Oracle recently acquired Micros. *See* ECF Nos. 27-30, 32, 36-37.

For the reasons stated below, the undersigned denies Marcotte's motion to join Oracle and grants Micros's § 1404(a) motion to transfer this case.

**STATEMENT**

A full discussion of the facts can be found in the court's order of September 11, 2014. ECF No. 26, at 2-7. For purposes of this waiver analysis, only a few items need be recounted. Marcotte has alleged that, in telephone conversations that followed her termination from Micros, the company's former CEO, A.I. Giannapoulos, told her that Micros would waive the forum-selection clause in her employment contract. ECF No. 16, at 3 (¶ 6). This allegation is the sole factual basis for Marcotte's argument that Micros waived that clause. With its supplemental brief, Micros attached a declaration in which Giannapoulos denies having said this. ECF No. 31-1, at 2 (¶¶ 4-5).

With respect to the potential joinder of Oracle, Marcotte has submitted Internet material from Micros's and Oracle's websites to show that Oracle has acquired Micros. *See* ECF Nos. 27-30, 36-37.

**ANALYSIS**

**I. JOINDER**

This case rests on diversity jurisdiction. Plaintiff Dianne Marcotte is a resident of California, while defendant Micros Systems is headquartered in Maryland. ECF No. 1, at 1-2, 8. Marcotte proposes to join as a defendant Oracle Corporation, a company headquartered in California. *See* ECF No. 27. Joining Oracle would thus destroy diversity jurisdiction. Marcotte argues that Oracle should be joined because it recently acquired Micros and is the latter's "successor in interest." *E.g.,* ECF No. 27, at 5-8. Because it implicates jurisdiction, the court first considers the joinder motion.

**A. Standards**

Pleading amendments are generally governed by procedural Rule 15(a). This rule directs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a). Rules 19 and 20

control the joinder of parties: Rule 19 applies where the nonparty proposed to be joined is "indispensable," so that its presence is "required" if "feasible"; Rule 20 allows the permissive joinder of non-parties who (roughly speaking) have some connection to the lawsuit. (Marcotte has not indicated whether she is moving under Rule 19 or 20. *See* ECF Nos. 27, 35.)

Because this case is before the court on removal, however, questions of party joinder are governed primarily by 28 U.S.C. § 1447(e). That statute provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See, e.g., Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). "[T]he decision regarding joinder of a diversity-destroying defendant is [thus] left to the discretion of the district court." *Id.*

Section 1447(e) gives no standards to guide the court's discretion. In deciding joinder questions under this statute, courts have considered various factors. First, is the non-party needed for just adjudication; is it "necessary" or "indispensable" in the Rule 19 sense? *See Newcombe*, 157 F.3d at 691; *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983). If the party is indispensable, "the court has no discretion; it must authorize joinder and remand the action." W. Schwarzer et al., *California Practice Guide* ¶ 2:3657 (Ratter Group 2014) (citing *Contain Coal Holdings, Inc. v. Resource Invest. Corp.*, 15 F.3d 733, 734 (7th Cir. 1994)).

Second, would prejudice result from the decision (or failure) to join the non-party? *See Newcombe*, 157 F.3d at 691.

Third, does it appear that the motive for joinder is solely to defeat diversity jurisdiction? *See, e.g., May v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999). In the related situation of fraudulent joinder, such a motive may be the "dispositive factor." *Id.* The jurisdictional consideration under § 1447(e) supplants the normal liberality of Rule 15(a). "To apply the permissive standard of Rule 15(a) in this situation would be to allow a plaintiff to improperly manipulate the forum of an action . . . ." *Clinco v. Roberts*, 41 F. Supp. 3d 1080, 1086 (C.D. Cal. 1999); *see Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1115-16 (N.D. Cal. 2006) (citing *Newcombe*) (declining to join defendants who did not appear necessary and where joinder seemed designed to destroy diversity).

**B. Analysis**

    **1.** *Is Oracle necessary or indispensable?*

The court cannot conclude on the current record that Oracle is a necessary or indispensable party under Rule 19. There is scant evidence to show what the acquisition left in its wake, in terms of Micros's corporate structure, or how the companies' respective liabilities are arranged. The plaintiff has submitted Internet pages from Micros's and Oracle's websites, reporting that the acquisition has been "completed," and showing that (in short) it is Oracle's top executives who now run Micros. *See* ECF Nos. 28, 37-1. It is impossible to say, based on this material, that the acquisition should compel some particular legal result — or, more precisely, that Micros does not remain a real party in interest, that Oracle is "needed for just adjudication" of this suit, *see Lopez,* 697 F.2d at 1332, or that the acquisition otherwise demands Oracle's joinder.

    **2.** *Prejudice*

Considerations of prejudice do not aid this inquiry. Neither party has made a particularly strong case that it would be prejudiced by one or another outcome of this joinder motion. This case is in its early stages; wherever this case is heard, state or federal court, California or Maryland, the bulk of work, decisions, and cost probably still lies ahead. Nor could the parties argue that potential differences in outcomes would prejudice them one way or another: that would be pure forum-shopping. For her part, Marcotte has not identified any significant prejudice if the court denies her motion and retains this case in the federal courts. Nor would there be any obvious prejudice to Micros if the court grants the motion and then remands the case to state court. Micros would still have its forum-selection clause and, presumably, would again urge that the case be sent to Maryland. Concerns about possible prejudice do not sway the court in any particular direction.

The court would nonetheless make one important point in this area. The court expects that Marcotte will not ultimately be prejudiced by a decision *not* to join Oracle, in at least two important senses. First, in that any judgment against Micros would be satisfied by either Micros or Oracle, as corporate realities make appropriate. Second, the court expects that Micros's position in these proceedings will bar it from arguing in any court that, in suing Micros, the plaintiff is suing the

wrong party, so as to defeat or delay Marcotte's suit. (None of this is meant to express an opinion on the merits of this case.)

### 3. *Destroying diversity*

The one clear effect of joining Oracle would be to destroy diversity jurisdiction. That is the dispositive point. As other California federal courts have observed, that consideration trumps the normally liberal amendment standards of Rule 15, and defeats an attempted joinder where the loss of jurisdiction would be the "sole[]" significant effect of adding the non-party. *See Clinco*, 41 F. Supp. 2d at 1086 (Rule 15); *Bonner*, 461 F. Supp. 2d at 1120 ("solely"). For the reasons given in this Part I, the court denies Marcotte's motion to join Oracle as a defendant.

## II. MICROS DID NOT WAIVE THE FORUM-SELECTION CLAUSE — THIS CASE MUST BE TRANSFERRED

### A. The Law of Waiver

The law does not casually find waiver. The Supreme Court of California has said: "Waiver is the intentional relinquishment of a known right after knowledge of the facts." *City of Uriah v. Fones*, 64 Cal.2d 104, 107, 410 P.2d 369 (1966) (citing cases).[2] "The burden . . . is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver.'" *Id.* at 107-08 (citation omitted). "This is particularly apropos in cases in which the right in question is one that is 'favored' in the law . . . ." *Id.* at 108. A unanimous Supreme Court recently explained that forum-selection clauses "further[] vital interests of the justice system." *Atlantic Marine*, 134 S. Ct. at 581. And, though it was not addressing waiver, *Atlantic Marine* stated that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.*

Beyond that, and having both considered the parties' supplemental briefs and revisited *Atlantic Marine*, the undersigned concludes that, however important it may be, *Atlantic Marine* does not speak to the issue of *waiving* forum-selection clauses. That case speaks strongly in favor of forum-selection clauses. *See id.* at 581-82. And it describes a clear analytical framework for handling such

---

[2] The parties agree that California contract law governs the waiver issue.

ORDER TRANSFERRING CASE & DENYING LEAVE TO ADD DEFENDANT
CV14-01372 LB                    5

clauses under 28 U.S.C. § 1404(a). *Id.* at 579-83. But *Atlantic Marine* says nothing (explicitly or implicitly) about waiving forum-selection clauses. *See id.*, *passim*. The latter issue is distinct from anything that is going on in *Atlantic Marine*. One need only recognize that even a "valid" and "presumptively enforceable" forum-selection clause *can* be waived. The question then remains: What constitutes a waiver? To draw from *Atlantic Marine* any remotely precise lesson about waiver would be analytical error. It would be to conflate distinct things. If *Atlantic Marine* impacts the ability of a party to waive a valid forum-selection clause, it is for the Supreme Court to say. Until that happens, we must apply the existing law of waiver.

### B.  Applying the Law

It remains to apply that law to the facts of this case. Marcotte argues that Giannapoulos told her in a telephone conversation that Micros would not enforce the forum-selection clause. Giannapoulos denies saying this. ECF No. 31-1, at 2 (¶¶ 4-5). Marcotte argues that Micros thereby waived that clause and, accordingly, that the court should deny the company's present motion to transfer. See ECF No. 15, at 13-14.

Marcotte first argues that the court should not consider Giannapoulos's declaration. Because Micros filed it only with its supplemental briefs, she argues, it has come too late and should be disregarded. ECF No. 33, at 2-4. Marcotte finds the declaration "improper" under Local Rule 7-3, which (except in limited situations not relevant here) bars additional submissions after a reply has closed a series of briefs. ECF No. 33, at 2-3. She adds that the court asked for only additional legal analysis but did not give the parties leave to submit more evidence. *Id.* at 3. The court appreciates diligent attention to the rules. The undersigned does not agree, however, that, in this context, the Giannapoulos declaration is "improper" or should be ignored. The court ordered the parties to submit an additional round of briefing. This can perhaps be viewed as approving a full round of further submissions under Local Rule 7-3. Even short of that, the undersigned thinks it fairly within the compass and concerns of the supplemental-briefing order for Micros to have offered its former CEO's recollection of the relevant facts in order to flesh out the discussion of waiver. The motion to transfer is still before the court; and the court's main concern must be to arrive at the right answer,

which is best served by a full presentation of the pertinent facts. The better course thus seems to be to let the declaration in and assess the facts as the court has them from both parties.

With the Giannapoulos declaration, the parties are literally in a position of, "He said, she said." Marcotte claims that Giannapoulos said that Micros would forgo the forum-selection clause; Giannapoulos denies this. The undersigned does not believe that this yields the requisite "clear and convincing" proof of waiver. It is at best "doubtful" that Micros freely abandoned its contractual right, and "doubtful cases will be decided against a waiver." *Fones*, 64 Cal. 2d at 107-08. Considering both Marcotte's and Giannapoulos's factual assertions, then, the motion to transfer must be granted.

This same conclusion would follow even without Giannapoulos's denial. The factual landscape would then be different, of course, and the issue closer, but the governing law of waiver would still demand that the court hold that Micros did not waive the forum-selection clause. Without the Giannapoulos declaration, the question becomes: Does Marcotte's allegation about what Giannapoulos said, standing alone, constitute "clear and convincing" evidence of waiver?

The undersigned thinks that it cannot. The law requires a fairly strict showing before a party can be held to have waived a contractual right. *See Fones*, 64 Cal.2d at 107-08. And, as the Seventh Circuit has indicated, proving waiver must be harder still in cases (like this one) where a party claims that its adversary has waived a right gratuitously. *See*, *e.g.*, *Bank v. Truck Ins. Exchange*, 51 F.3d 736, 739 (7th Cir. 1995). Nothing else in the circumstances of this case (that is, beyond Marcotte's allegation) suggests that Micros was leaning toward not enforcing the forum-selection clause. (Had it waived the term in other cases? Were there internal Micros communications that discussed forgoing the clause? Nothing in the record suggests anything of the sort.) Here, too, we must remember that doubtful cases resolve against waiver. The governing precedential framework leads to the conclusion — even without the Giannapoulos declaration — that Micros did not waive the forum-selection clause and that this case must be transferred.

### C. Other Dispositive Considerations: Retraction and Detrimental Reliance

Even if Marcotte's declaration alone constituted "clear and convincing evidence" that Giannapoulos said that Micros would forgo the clause, other considerations would still defeat Marcotte's waiver argument.

California law states that, "under general contract principles, in the absence of consideration or estoppel," a waiver of contractual rights "may be retracted" and the rights "restored at any time." *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal. App. 4th 44, 58, 22 Cal. Rptr. 267 (2002) (citing 1 B. Witkin, *Summary of Cal. Law (9th) – Contracts* § 769, p. 695 (1987) (discussing conditions precedent)). The Southern District of California, discussing the waiver of contractual conditions precedent, has similarly said: "Waiver of a contractual condition will not be binding . . . unless the other party materially changes his position in reliance on the waiver." *Lally v. Allstate Ins. Co.*, 724 F. Supp. 760, 763 (S.D. Cal. 1989) (citing authorities).

This raises two questions. First, did Micros retract any waiver by moving to transfer under the forum-selection clause? The court thinks it did — at least in the circumstances of this case. Asserting that clause now is certainly *inconsistent* with the idea that Micros waived the term. And, in a case where Marcotte has only her own allegation that Micros orally agreed not to enforce a contractual right, and did so *gratis*, it seems sensible and fair to give equal analytical weight to Micros's concrete and unmistakable *act* in asserting that right.

The second question concerns Marcotte's reliance. In her supplemental brief, Marcotte argues that she detrimentally relied on Micros's waiver by filing this lawsuit. If filing this lawsuit does embody reliance, that would prevent Micros from retracting the putative waiver. *See Storek*, 100 Cal. App. 4th at 58. It seems unlikely that merely bringing suit can constitute sufficient reliance. If it could, if that were the rule, in what case would there *not* be detrimental reliance? The law, as we have seen, is fairly strict about when waiver exists. Yet this part of Marcotte's argument would make the reliance element of waiver a dead letter. That would dilute the existing rules on waiver – or, at any rate, appreciably change them.

Some qualifications seem appropriate. The court's decisions on retraction and reliance are confined to the circumstances of this case. The court does not mean to deny, for example, that some

ORDER TRANSFERRING CASE & DENYING LEAVE TO ADD DEFENDANT
CV14-01372 LB                              8

waiver cases must involve proof of a retraction more explicit than that involved here. Nor does the court believe that, in the universe of potential cases, there are not some in which filing a lawsuit *can* constitute detrimental reliance that would estop the assertion of a legal right. Such cases may well exist. This, however, cannot be one of them. More broadly, this case is not the clearest example of retraction or reliance. The court addressed these questions mainly because the parties pursued them in their briefs, and the undersigned wished to fully consider the parties' arguments. And, of course, these *are* important elements in the law of waiver.[3]

## CONCLUSION

For these reasons, the court denies Plaintiff Dianne Marcotte's motion to join Oracle, and grants Defendant Micros Systems' motion to transfer this case to the United States District Court for the District of Maryland.

This disposes of ECF Nos. 14 and 27.

**IT IS SO ORDERED.**

Dated: October 14, 2014

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] The court has not followed the parties into discussing whether Giannapoulos's alleged statement can be deemed an oral modification of the Marcotte-Micros employment contract. *See* ECF No. 31, at 2, 5-6; ECF No. 35, at 3-4. The concepts of waiver and oral modification obviously overlap; in some cases, both doctrines may usefully apply. The present facts, however, do not happily fit the scheme of oral modification. Waiver is the appropriate doctrine here. And, as the analysis above should show, the motion to transfer can be resolved wholly within the rubric of waiver.